22038

In the Matter of Michael W. MIMS, Respondent.

(311 S. E. (2d) 926)

Supreme Court of South Carolina.

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*Morris D. Rosen,* Charleston, *for respondent.*

Jan. 26, 1984.

*Per Curiam:*

Appellant, an attorney, practicing in North Charleston, South Carolina, was found guilty of violation of the Code of Professional Responsibility in that he handled a legal matter without adequate preparation [DR 6-101(A)(2)], neglected a legal matter entrusted to him [DR 6-101(A)(3)], engaged in conduct prejudicial to the administration of justice [DR 1-102(A)(5)], and engaged in conduct adversely reflecting on his fitness to practice law [DR 1-102(A)(6)]. While both concurred in the findings of professional misconduct, a Hearing Panel recommended a public reprimand as punishment, while the Executive Committee of the Board of Commissioners on Grievance, upon review, recommended a private reprimand. We agree with the concurrent findings by the Panel and the Board relative to appellant's misconduct, but adopt the recommendation of the Panel as to punishment.

The present charges grew out of appellant's agreement to represent clients who sought a trucking permit from the Interstate Commerce Commission. In view of appellant's inexperience in this field of legal practice, he associated other counsel who were more experienced in this particular area. In the course of prosecuting the application, associate counsel needed additional information from the clients and properly depended upon appellant to obtain it. Appellant failed to obtain and forward the required information in a timely manner, caused extensive and unwarranted delay in processing the application of the clients; and, in addition, appellant made representations to the clients which were clearly without factual basis, inferably to cover his neglect. When it became apparent to the clients that appellant was not han-

dling their case in a proper manner, they requested a return of their file and the fee that had been paid. Only when the clients filed the present complaint did appellant release the file to them and return a portion of the fee.

Indicative of the indifference of appellant to his professional responsibilities is his failure to cooperate in the investigation of this matter by the Board.

The neglect of his client's business, failure to timely respond to client's request for information, and finally furnishing false information about the progress of the case constituted a conscious violation of the attorney-client relationship. Such conduct is in violation of the Code of Professional Responsibility and warrants a public reprimand.

Accordingly, attorney Michael W. Mims stands publicly reprimanded by this Court in accordance with Rule 7 A(3) of the Supreme Court Rules on Disciplinary Procedure.